**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 8, 2015

Tina M. Siefers
126 Dartmouth Drive
Hagerstown, Maryland  21742

Aparna V. Srinivasan, Esq.
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

      RE:    *Tina M. Siefers v. Commissioner, Social Security Administration*;
            Civil No. SAG-15-0072

Dear Ms. Siefers and Counsel:

      On January 9, 2015, Plaintiff Tina M. Siefers petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). Ms. Siefers was represented by counsel when she filed her appeal, but her counsel has since withdrawn his appearance, and she now appears *pro se*. I have considered the Commissioner's motion for summary judgment. (ECF No. 24). Ms. Siefers has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Siefers filed a claim for Disability Insurance Benefits on April 11, 2011. (Tr. 150-51). She alleged a disability onset date of August 26, 2009. *Id.* Her claim was denied initially and on reconsideration. (Tr. 61-69, 71-83). A hearing was held on October 17, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 30-60). Following the hearing, the ALJ determined that Ms. Siefers was not disabled within the meaning of the Social Security Act during the

---

[1] On July 31, 2015, a Rule 12/56 letter was sent to Ms. Siefers advising her of her right to file a response to the Commissioner's motion within seventeen (17) days from the date of the letter. (ECF No. 25). The letter further advised that a failure to respond could result in the entry of judgment against Ms. Siefers. *Id.* I further note that Ms. Siefers's unresponsiveness appears to have been the reason for her attorney's decision to withdraw from her appeal. [ECF No. 19-1].

*Tina M. Siefers v. Commissioner, Social Security Administration*
Civil No. SAG-15-0072
September 8, 2015
Page 2

relevant time frame. (Tr. 16-24). The Appeals Council denied Ms. Siefers's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Siefers suffered from the severe impairments of "degenerative disc disease of the cervical spine requiring decompression/fusion with titanium plate placement and thyroid gland disorder requiring thyroidectomy with subsequent Celiac's disease." (Tr. 18). Despite these impairments, the ALJ determined that Ms. Siefers retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except that due to her physical impairments and associated symptomatology, she is limited to work requiring no more than occasional climbing of stairs/ramps, balancing, stooping, kneeling, crouching, or crawling, and no climbing of ladders, ropes, or scaffolds." (Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Siefers could perform her past relevant work as a medical billing clerk, in addition to other jobs existing in significant numbers in the national economy. (Tr. 22-24). The ALJ therefore concluded that Ms. Siefers was not disabled. (Tr. 24).

I have carefully reviewed the ALJ's opinion and the entire record, including the arguments raised by Ms. Siefers's then-counsel during the administrative appeal. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Siefers's favor at step one and determined that she had not engaged in substantial gainful activity since her alleged onset date. (Tr. 18); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Siefers claimed prevented her from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that Ms. Siefers suffered from several severe impairments. (Tr. 18). He further evaluated her affective disorder and carpal tunnel syndrome, but found them to be non-severe impairments. (Tr. 18-19). He supported those findings with citations to Ms. Siefers's hearing testimony and to her medical records. (Tr. 19).

At step three, the ALJ determined that Ms. Siefers's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 19). The ALJ considered the specific requirements of Listing 1.02, major dysfunction of a joint, Listing 1.03, joint surgery, Listing 1.04, disorders of the spine, and Listing 9.00, thyroid dysfunction. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.02, 1.03, 1.04, 9.00. The ALJ concluded that none of those listings were satisfied. I have carefully reviewed the record, and I agree that no listings are met or equaled.

*Tina M. Siefers v. Commissioner, Social Security Administration*
Civil No. SAG-15-0072
September 8, 2015
Page 3

In considering Ms. Siefers's RFC, the ALJ summarized her subjective complaints that she was prevented from working by neck pain and medication side effects, including fatigue. (Tr. 20). However, the ALJ determined that Ms. Siefers's subjective complaints were not entirely credible. The ALJ cited to physical examination findings that were relatively mild post-surgery, MRI imaging with mild findings, a consultative examination and independent medical examination with few significant findings, sporadic participation in physical therapy, and reported daily activities exceeding her description of her capabilities. (Tr. 20-21).

Finally, in assessing Ms. Siefers's RFC, the ALJ considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. The ALJ assigned "some weight" to the opinions of two State agency medical consultants and the consultative examiner, Dr. Tuwiner. (Tr. 27). The ALJ noted that certain manipulative limitations assessed by those physicians were not supported by medical records including normal range of motion in the upper extremities. *Id.* The ALJ also discounted the opinions of Ms. Siefers's treating physician, Dr. Barrera, which indicated that she was unable to sustain employment. (Tr. 22). In support of his assignment of "little to no weight" to Dr. Barrera's opinions, the ALJ properly stated that the doctor had cited no objective findings to support his opinions, which also infringe upon an issue reserved to the Commissioner. *Id.*; *see* 20 C.F.R. § 404.1527(c)(2)("If we find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."). My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Siefers's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, at step four, the ALJ determined that, pursuant to her RFC assessment, Ms. Siefers was able to perform her past relevant work as a medical billing clerk. (Tr. 22-23). In the alternative, however, the ALJ proceeded to step five, and he considered the impact of Ms. Siefers's age and level of education on her ability to adjust to new work. (Tr. 24-25). Relying on the Medical-Vocational Guidelines ("Grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found that pursuant to Grid Rule 202.22, a person of Ms. Siefers's age and education who can perform the full range of light work is not disabled *per se*. (Tr. 24). Since the ALJ's RFC assessment contained additional limitations which impeded Ms. Siefers's ability to perform all or substantially all of the requirements of light work, however, the ALJ asked the VE whether jobs existed in the national economy that were suited to Ms. Siefers's particular assessment. (Tr. 54). The VE testified that a person with Ms. Siefers's RFC would be capable of performing the jobs of private business mail clerk, garment sorter, and hand packer. (Tr. 54-55). Based on the VE's testimony, the ALJ concluded that in addition to her past relevant work, Ms. Siefers is capable of successfully adjusting to other work that exists in significant numbers in the national economy. (Tr. 24). I find that the ALJ's determination was supported by substantial evidence.

*Tina M. Siefers v. Commissioner, Social Security Administration*
Civil No. SAG-15-0072
September 8, 2015
Page 4

    For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 24) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                      Sincerely yours,

                                             /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge